## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CURTIS ARGANBRIGHT,

      Defendant.

---

## PLEA AGREEMENT

---

The United States Attorney for the District of Colorado, by and through Bryan David Fields, Assistant United States Attorney and the United States Department of Justice Civil Rights Division, by and through Trial Attorneys Katherine DeVar and Maura White (collectively, the "Government"), and the Defendant, CURTIS ARGANBRIGHT, personally and by and through his counsel, Nathan Chambers and Doug Jewell, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCRR 11.1 and FED. R. CRIM. P. 11(c)(1)(A) and B.

### I. AGREEMENT

A.    Defendant's Obligations

1.    The Defendant agrees to (1) waive indictment and plead guilty to an Information charging one felony violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law, (2) forfeit his law enforcement certification if he has one, (3) agree to no longer work or seek future employment as a law enforcement officer in any local,

1

Court Exhibit

1

state, or federal law enforcement agency or to seek employment as a private security officer, (4) register as a sex offender, if the laws and regulations of the state in which he resides mandates such registration, and (5) waive his appeal rights, as detailed below.

      B.    <u>Government's Obligations</u>

      2.    In exchange for the Defendant's plea of guilty and his waiver of appeal rights, the government agrees to (1) file no other federal criminal charges against the Defendant based on matters currently known to the government and (2) recommend a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, provided that the Defendant does not do anything that is inconsistent with accepting responsibility between and including the date of his guilty plea and the date of sentencing.

      C.  <u>Defendant's Waiver of Appeal</u>

      3.    The Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.   Understanding this and in exchange for the concessions made by the Government in this agreement, the Defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following two criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, or (2) the government appeals the sentence.   Except as provided above, the Defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742.

4.     The Defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. The Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statute to which the Defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute. This waiver provision, however, will not prevent the Defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the Defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the Government appeals the sentence imposed by the Court, the Defendant is released from this waiver provision.   Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to file criminal charges not filed pursuant to the agreement set forth in paragraph 2.

## II. **ELEMENTS OF THE OFFENSE**

5.     The parties agree that the elements the offense of Deprivation of Rights Under Color of Law, a violation of 18 U.S.C. § 242, is as follows:

> a.     The defendant acted under color of law when he committed the acts charged;
>
> b.     The defendant deprived the victim of a right protected or secured by the Constitution or the laws of the United States, that is, the Fourteenth Amendment's guarantee of substantive due process, which includes the right to bodily integrity;
>
> c.     The defendant acted willfully; and

3

d.     The defendant's conduct resulted in bodily injury to the victim.[1]

## III. **STATUTORY PENALTIES**

6.     The maximum statutory penalty for a violation of 18 U.S.C. § 242 is not more than ten years' imprisonment, a fine of not more than $250,000, or both; not more than five years of supervised release; a $100 special assessment fee; and mandatory restitution in an amount to be determined by the Court.

7.     If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV. **COLLATERAL CONSEQUENCES**

8.     The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.   The parties have no reason to believe that the Defendant is not a citizen of the United States.   However, if the Defendant is not a United States citizen, this conviction will result in his removal from the United States once he has completed any sentence of imprisonment.

A. Future Violations of Supervised Release

9.     If supervised release is imposed, a violation of any conditions of probation or supervised release may result in a separate prison sentence and additional supervision.   If a condition of release is violated, the defendant may be sentenced to up

---

[1] Tenth Circuit Pattern Jury Instructions (Criminal Cases), § 2.17 (2011 ed.) (Updated Feb. 2018) (modified)

4

to 5 years without credit for pre-release imprisonment or time previously served on post-release.

      B.     <u>Registration under the Sex Offender Registration and Notification Act</u>

      10.     The Defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, and pursuant to 18 U.S.C. § 3583(d), upon his release from prison and as a condition of any term of supervised release he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.   The Defendant understands he must register as a sex offender and must keep the registration current with the state sex offender registration agency in each of the following jurisdictions: where he was convicted, where he resides, where he is employed, and where he is a student.   The Defendant understands that the requirements for registration include providing his name, residence address, the name and addresses of any places where he is or will be an employee or student, and information relating to intended travel outside the United States, among other information.   The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status.   The Defendant shall comply with requirements to periodically verify in person his sex offender registration information.   The Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for violations of applicable state law or 18 U.S.C. § 2250, a federal law, which is punishable

by imprisonment, a fine, or both a fine and imprisonment.   The Defendant further understands that under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction.

## V. STIPULATION OF FACTS

11.    By his signature on this plea agreement, the Defendant acknowledges that he is pleading guilty because he is, in fact, guilty of the offense to which he is pleading guilty. The Defendant recognizes and accepts responsibility for his criminal conduct.

12.    The parties agree that there is a factual basis for the guilty plea that the Defendant will tender pursuant to this Plea Agreement.   That basis is set forth below. In pleading guilty, the Defendant acknowledges that if he chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish the Defendant's guilt of the offense to which he is pleading guilty beyond a reasonable doubt. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of this Plea Agreement.

13.    This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

6

The parties agree as follows:

14.    At all times related to the facts set forth below, the Defendant was an on-duty Senior Police Officer with the Westminster Police Department ("WPD") acting under color of law.

15.    On the night of August 23, 2017, VICTIM, whose identity is known to the parties, checked herself in to St. Anthony Hospital for alcohol withdrawal treatment. While at the hospital, the nursing staff caught VICTIM putting miscellaneous medical supplies into her purse and called WPD.   In the early morning hours of August 24, 2017, the Defendant arrived at the hospital in response to the call.   Staff members at St. Anthony Hospital decided not to press charges against the VICTIM and the Defendant agreed to give VICTIM a ride from the hospital to her residence.

16.    Outside of the hospital, the Defendant and the Victim walked to his patrol car.   The VICTIM got into and sat in the front seat of the patrol car, unhandcuffed.   The Defendant then drove away from the hospital in the direction of VICTIM's residence.

17.    During the drive from the hospital to the VICTIM's residence, the Defendant pulled off the main road connecting the hospital to VICTIM's home and parked his patrol car off that road, in a non-residential location.   The Defendant and VICTIM got out of the patrol car and the Defendant handcuffed the VICTIM.   The parties stipulate and agree that VICTIM's DNA was identified on the defendant's handcuffs, but disagree as to the circumstances, timing, and length of the handcuffing.

18.    Outside the patrol car, the Defendant knowingly engaged in a sexual act with VICTIM but against VICTIM's will and without her consent.   The Defendant

7

stipulates and agrees that there was sexual contact, including contact between Defendant's penis and VICTIM's vagina, that resulted in bodily injury.   The Defendant stipulates and agrees that these injuries were sufficient to constitute the "bodily injury" required by 18 U.S.C. § 242.

19.     The parties disagree regarding the nature and extent of VICTIM's injuries.

20.     The Defendant stipulates and agrees that he knew that the sexual act was without the VICTIM's consent.   Accordingly, the Defendant also stipulates and agrees that he willfully deprived VICTIM of her right to bodily integrity, which is guaranteed by the Due Process Clause of the Fourteenth Amendment.

## VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

21.     The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553.   In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission.   In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines.   The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate.   The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range.   To that end, the government may make legal or factual arguments that affect the estimate below. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in

dispute.

A.      Pursuant to U.S.S.G. § 2H1.1(a), the base offense level should be calculated by applying the offense level for the underlying offense, or a 10, whichever is greater.   The parties stipulate and agree that the offense level for the underlying offense is governed by U.S.S.G. § 2A3.1 Criminal Sexual Abuse, but disagree as to the base offense level under that Guideline.

i.      The government's position is that the offense level is **38**:   a base offense level of 30 pursuant to § 2A3.1(a)(2), plus a two-level enhancement pursuant to § 2A3.1(b)(3) because the victim was in the Defendant's care, plus an additional two-level enhancement pursuant to § 2A3.1(b)(4) because the victim sustained serious bodily injury, plus an additional four-level enhancement pursuant to § 2A3.1(b)(5) because the victim was abducted;

ii.     The defendant's position is that the offense level is **32**:   a base-offense level of 30 pursuant to § 2A3.1(a)(2), plus a two-level enhancement pursuant to § 2A3.1(b)(3) because the victim was in the Defendant's care.   The defendant disagrees that the serious bodily injury and abduction enhancements apply.

B.      Pursuant to U.S.S.G § 2H1.1(b), a six-level enhancement applies because the offense was committed under color of law;

C.      Pursuant to U.S.S.G. § 3A1.3, the government's position is that a two-level enhancement should apply because the victim was physically restrained in the course of the offense; the defendant disagrees that this enhancement would apply.

D.     The Adjusted Offense Level under the government's calculation is **46;** the adjusted offense level under the defendant's calculation is **38**.

E.     Acceptance of Responsibility:   Provided the Defendant does nothing inconsistent with acceptance of responsibility between the date of the change of plea hearing and the date of the sentencing hearing, the Defendant should receive a 3-level downward adjustment, pursuant to U.S.S.G §§ 3E.1.1(a) and (b).   The resulting Offense Level would be **43** under the government's calculation and **35** under the defendant's.

F.     Criminal History Category: The parties understand that the Defendant's criminal history computation is tentative.   The criminal history category is determined by the Court based on the Defendant's prior convictions.   Based on information currently available to the parties, it is estimated that the Defendant's criminal history category would be **Category I**.

G.     Assuming the (tentative) criminal history set forth above, the career offender/criminal livelihood/armed career criminal adjustments pursuant to USSG § 4B1.1 - § 4B1.4 would not apply.

H.     Imprisonment:   An offense level of **43** at Criminal History Category I corresponds to an advisory guidelines sentencing range of **life**; an offense level of **35** at Criminal History Category I corresponds to an advisory guidelines sentencing range of 168-210.   However, pursuant to U.S.S.G. § 5G1.1, the statutorily authorized maximum sentence shall be the guideline sentence when that sentence is less than the minimum of the applicable guideline range.   Accordingly, because the both parties estimates are

greater than the statutory maximum of 10 years (120 months), the recommended guideline sentence is **120** months.

I.      Fine: Pursuant to USSG § 5E1.2, under the government's estimated offense level of **43** set forth above, the fine range for this offense would be $50,000 to $500,000, plus applicable interest and penalties; the fine range under the defendant's estimated offense level of **35** is $40,000 - $400,000, plus applicable interest and penalties.

J.      Supervised Release: Pursuant to USSG § 5D1.2, if the Court imposes a term of supervised release, the Guidelines state that the term should be at least two years and, because the offense of conviction is a sex offense, recommend that it be five years.

K.      Restitution: The parties agree that, pursuant to USSG § 5E1.1, the Defendant is liable for restitution, as may be ordered by the Court.

22.     The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range.   In doing so, the Court is not bound by the position of any party.

23.     The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position

11

of any party on any 18 U.S.C. § 3553 factor.

## VII. **VOLUNTARY PLEA**

24.    The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that he is pleading guilty because he is in fact guilty.

## VIII. **VIOLATION OF PLEA AGREEMENT**

25.    The Defendant agrees that if he violates any provision of this Agreement, the United States may declare this Agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charge in this case, as well as perjury, false statements, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

26.    The Defendant, upon signing this plea agreement, knowingly, voluntarily, and expressly waives his rights pursuant to Rule 410(a) of the Federal Rules of Evidence. The Defendant understands and agrees that in the event that he violates the plea agreement, withdraws his decision to plead guilty, or causes his guilty plea to be later withdrawn or otherwise set aside, any statements he made to law enforcement or to an attorney for the prosecuting authority during plea discussions, and any statements he made during any court proceeding involving his plea of guilty (including any factual bases or summaries signed by the Defendant and any leads from such statements,

12

factual bases, or summaries) shall be admissible for all purposes against the Defendant in any and all future criminal proceedings.

## IX. ENTIRE AGREEMENT

27.    This document is the entire agreement.   There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied.   In entering this Plea Agreement, neither the Government nor the Defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 11/18/19

CURTIS ARGANBRIGHT
Defendant

Date: 11/18/19

Nathan Chambers
Attorney for Defendant

Date: 11-18-19

Doug Jewell
Attorney for Defendant

Date: 11/18/19

Bryan David Fields
Assistant United States Attorney

Date: 11/18/19

Katherine DeVar by Bryan Fields
Katherine DeVar
Trial Attorney

Date: 11/18/19

Maura White by Bryan Fields
Maura White
Trial Attorney