IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number: 19-cr-00445-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

V.

CURTIS ARGANBRIGHT,

    Defendant.

---

**STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY**
(In Accordance With the Sentencing Guidelines)

---

    I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, that all representations contained herein are true and correct, and that my attorney has assisted me as I have reviewed and completed this form.

    1.    The nature of the charges against me has been explained to me by my attorney and the court. I have had an opportunity to discuss with my attorney and with the court the nature of the charges and the elements which the government is required to prove.

    2.    I know that when the court sentences me, the court will consider many factors. These factors are listed in 18 U.S.C. § 3553 and include (a) the nature and circumstances of the offense and my personal history and characteristics, (b) the need

1

Court Exhibit 2

for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public, and provide me with needed training, care or correctional treatment in the most effective manner, (c) the kinds of sentences available to the court, (d) the advisory sentencing guidelines established by the U.S. Sentencing Commission, (e) the pertinent policy statements of the U.S. Sentencing Commission, (f) the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct, and (g) the need to provide restitution. No single factor is controlling or determinative. I recognize that it is possible that the Court could, after considering these factors, impose any sentence in my case, including one which is as severe as the maximum term of imprisonment, the maximum fine, full restitution (if applicable), the maximum term of supervised release, and a special assessment, all as set out in paragraph 3 below.

3. I know that the following penalties may be imposed upon me under the law, as a result of my guilty plea(s):

    a. Imprisonment for not more than ten (10) years;

    b. A term of supervised release of not more than five (5) years;

    c. A fine of not more than $250,000.00;

    d. A special assessment of $100.00 pursuant to 18 U.S.C. § 3013;

    e. A prison sentence that may be imposed for a violation of the conditions of probation or supervised release.

-3-

4.   I know that if I am convicted of more than one count, the sentences imposed may be either concurrent (served at the same time) or consecutive (served separately or back-to-back) unless the statutory penalty for an offense of conviction expressly requires that a sentence be imposed to run consecutively.

5.   I know that in addition to any punishment that the Court may impose, there are collateral consequences to pleading guilty to a crime. These consequences are neither imposed nor controlled by the Court. For example, pleading guilty may result in a loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. And, if I am not a citizen of the United States, these consequences may include deportation from the United States or indefinite confinement if there is no country to which I may be deported, denial of the right to enter the United States in the future, and denial of citizenship.

6.   I know that if I am given a term of supervised release as a part of my sentence, that supervised release will only begin to run upon my release from custody on all terms of imprisonment imposed by this and any other courts. I understand that any violation of the conditions of that supervised release during its term may lead to an additional prison sentence and additional supervised release being imposed.

7.   I know that there is no parole in the federal system and that I will be required to serve the entire sentence of imprisonment which may be imposed in my case, reduced only by such good time and/or program allowances as may be set by Congress and applied by the Bureau of Prisons.

8. I know that if a fine or restitution is imposed as a part of my sentence, I will be required to pay interest on any amount in excess of $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment or unless interest is waived by the Court.

9. I know that if a fine or restitution is imposed as a part of my sentence, I will be required to pay it in a timely manner. Failure to do so may trigger monetary penalties, collection efforts by the government, potential revocation of any probation or supervised release, and/or exposure to prosecution for "Criminal Default" under 18 U.S.C. § 3615.

10. I know that I can be represented by an attorney at every stage of this proceeding, and I know that, if I cannot afford an attorney, one will be appointed to represent me at the government's expense.

11. I know that I have a right to plead "not guilty," and I know that if I do plead "not guilty," I can persist in that plea and demand a trial.

12. I know that I have a right to a trial by jury, and I know that if I choose to stand trial:

    a. I have a right to the assistance of an attorney at every stage of the proceeding;

    b. I have a right to see and observe the witnesses who testify against me;

    c. My attorney can cross-examine all witnesses who testify against me;

-5-

      d.    I can call and present such relevant witnesses and evidence as I desire, and I can obtain subpoenas to require the attendance and testimony of those witnesses;

      e.    If I cannot afford to pay the expenses that witnesses incur, the government will pay those expenses, including mileage and travel expenses, and including reasonable fees charged by expert witnesses;

      f.    I cannot be forced to incriminate myself and I do not have to testify at any trial;

      g.    However, I can testify at my trial if I choose to, and I do not have to decide whether to testify until after I have heard the government's evidence against me;

      h.    If I do not want to testify, the jury will be told that no guilt or inference adverse to me may be drawn from my decision not to testify;

      i.    In order for me to be convicted, the government must prove each and every element of the offense(s) with which I am charged, beyond a reasonable doubt;

      j.    In order for me to be convicted, the jury must reach a unanimous verdict of guilty, meaning all jurors must agree that I am guilty; and

      k.    If I were to be convicted, I could appeal both my conviction and whatever sentence the Court later imposed, and if I could not afford an appeal, the government would pay the cost of the appeal, including the cost of an appointed attorney.

13.    I know that if I plead guilty, there will not be a trial of any kind.

14.    I know that if I plead guilty, there will be no appellate review of the question of whether or not I am guilty of the offense(s) to which I have pled guilty.

15.  (a). I know that once this Court sentences me following a plea of guilty, I can only seek appellate review of the sentence imposed.  While appellate review of a sentence is an important right, it is not a form of automatic resentencing by a different court. To the contrary, I understand that appellate review will not result in any resentencing or in any alteration to or reduction of my sentence in the absence of error by the original sentencing court.

(b). I know that the terms of my plea agreement with the government contain a waiver of my right to appeal or to collaterally attack the sentence. Specifically, I have agreed to a waiver of my right to appeal or to collaterally attack the sentence as described in pages 2-3 of the Plea Agreement. Because of this, I know that I cannot seek appellate review of the sentence imposed by the Court in this case, except in the limited circumstances, if any, permitted by my plea agreement.

16.  No agreements have been reached and no representations have been made to me as to what the sentence in this case will be, except that which is explicitly detailed in the document entitled "Plea Agreement" which the government and I have signed.  I further understand that any agreements and stipulations in the document entitled "Plea Agreement" are binding on the court only if the parties ask the court in that document to be so bound and only if the court agrees to be so bound when it accepts my guilty plea(s).

17.  The only plea agreement which has been entered into with the government is that which is set out in the document entitled "Plea Agreement" which has been signed by the government and me in this case and which I incorporate herein by reference.

18.  I understand that the court can make no decision as to what my sentence will be until the presentence report has been received and reviewed by the court.

19.  I know that when I enter my pleas of guilty, the court may ask me questions under oath about the offenses to which I have pled guilty. The questions, if asked of me on the record and in the presence of my attorney, must be answered by me, and if I give false answers, I can be prosecuted for perjury.

20.  I know that I have the right to ask the court any questions that I have concerning my rights, these proceedings, and my plea(s) to the charge(s).

21.  I am forty-two (42) years of age. My education consists of completion of high school and some college. *BA From Colorado Technical University.* I can read, write and understand the English language. I am not taking any medications which interfere with my ability to understand the proceedings in this matter or which impact or affect my ability to choose whether to plead guilty.

22.  Other than the promises of the government set out in the document entitled "Plea Agreement" no promises and no threats of any sort have been made to me by anyone to induce me or to persuade me to enter my pleas in this case.

23.  No one has promised me that I will receive probation, home confinement or any other specific sentence desired by me because of my pleas of guilty.

24.  I am satisfied with my attorney. I believe that I have been represented effectively and competently in this case.

25.  My decision to enter the pleas of guilty is made after full and careful thought, with the advice of my attorney, and with full understanding of my rights, the facts and

circumstances of the case, and the potential consequences of my pleas of guilty. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter my guilty plea. I am not now under the influence of any drugs, medication or intoxicants.

26. Insofar as it shows conduct on my part, the summary of facts set out in the document entitled "Plea Agreement" is true and correct.

27. I accept the Plea Agreement and Statement in Advance of Plea of Guilty as they are currently drafted.   *free edit at ¶21*

28. I wish to plead guilty to the following charges: Count One of the Information, Deprivation of Rights Under Color of Law, 18 U.S.C. §242.

Dated this 18th day of November, 2019.

_____
Curtis Arganbright, Defendant

I certify that I have discussed this statement and the document entitled "Plea Agreement" with the defendant. I certify that I have fully explained the defendant's rights to him and have assisted him in completing this form. I believe that the defendant understands his rights and this statement.

Dated this 18th day of November, 2019.

_____
Attorney for Defendant