**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-0445-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CURTIS ARGANBRIGHT,

      Defendant.

---

**UNOPPOSED MOTION FOR LEAVE TO FILE SENTENCING MOTION
IN EXCESS OF OTHERWISE APPLICABLE PAGE LIMITATION**

---

Defendant Curtis Arganbright, by and through counsel, moves pursuant to WJM Revised Practice Standard III.C.2 for leave to file a sentencing motion in excess of the otherwise applicable page limitation, and in support states as follows:

On November 18, 2019, the defendant pleaded guilty to a single count Information charging Deprivation of Rights Under Color of Law, 18 U.S.C. §242. [Doc. 1 and 16].  This plea subjects the defendant to sentence of ten (10 years) in the Bureau of Prisons.  The Plea Agreement contains a "Stipulation of Facts" which recites a core set of facts to which the parties agreed and which provided sufficient factual basis to support the guilty plea. [Doc. 17].  The Plea Agreement also makes clear that there are significant factual issues that remain in dispute.  Sentencing is scheduled for June 3, 2020.

Defense counsel received the initial disclosure of the Presentence Investigation Report (PSIR) on April 29, 2019.  Pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, objections to the PSIR must be filed by May 13, 2020.  Pursuant to D.C.Colo.LCrR 32.1(c) and WJM Revised Practice Standard IX.I.2.B, all sentencing related motions must be filed by May 20, 2020.  Pursuant to this Court's Practice Standards, sentencing motions are subject to a 15-page limitation; however, exceptions to the page limitation may be granted in "exceptional circumstances." WJM Revised Practice Standard III.C.  Defendant respectfully requests that his anticipated sentencing related motion be excepted from the applicable page limitation.

There are several reasons supporting this request to be excepted from the page limitation.  First, the defendant faces the possibility of a lengthy prison sentence.  Defense counsel certainly recognize that it is not unusual for this Court to hold sentencing hearings in which the defendant faces the possibility of a lengthy prison term.  In this case, as noted in the Plea Agreement, the advisory guideline sentence is the statutory maximum sentence; however, the defense believes there are compelling reasons why the statutory maximum sentence should not be imposed.  Defense counsel merely request an opportunity to present those reasons in an organized motion that this Court can consider in advance of the sentencing hearing.  All of those reasons, and the factual support for those reasons, cannot be stated in 15 pages.

While it is not unusual for this Court to conduct sentencing hearings involving long prison terms, the facts and circumstances of this case are unusual.  It is unusual for a police officer to be charged with deprivation of civil rights under color of law based on

sexual misconduct.  The facts underlying this case are complex, disputed, and sensitive.  The events leading up to the offense conduct are critical.  The precise nature of the defendant's conduct is very much in dispute.  The credibility of the defendant and the victim are important considerations for this Court to weigh and the facts relevant to an assessment of credibility are multifaceted, multi-layered, and sensitive.  The events that occurred subsequent to the offense conduct are essential to an accurate understanding of the facts and circumstances of the case.  All of this becomes more complicated and difficult to untangle because witnesses have made statements that are inconsistent with their prior statements or are contradicted by other evidence.  This information can be provided to the Court most efficiently in a written pleading.  Without the requested exception to the page limitation a protracted evidentiary hearing would be necessary.  By providing the Court with a detailed factual analysis of the relevant facts and circumstances of the case, the defense expects to obviate, or at least significantly reduce, the need for an evidentiary presentation at the sentencing hearing.

18 U.S.C. 3553(a) enumerates factors that a sentencing court must consider in determining the particular sentence to be imposed.  The first §3553(a) factor is "the nature and circumstances of the offense and the history and characteristics of the defendant."  The nature and circumstances of the offense are of fundamental importance in determining the appropriate sentence.  While of fundamental importance, the facts and circumstances of this case are not simple.  Before this Court imposes sentence, the defendant asks for an opportunity to provide the Court with a thorough evaluation of the

facts and circumstances of this case.  Without that opportunity the Court will be unable to completely discharge its duty to consider the full spectrum of §3553(a) factors.

Another factor weighs in favor of a comprehensive sentencing motion.  The defendant's motion will contain information about the victim that is delicate and sensitive. To be clear, the defendant contends that the victim has not been truthful in her various accounts of the events in question.  Nevertheless, the defense does not want to cause the victim any public embarrassment.  Understanding that it will be required to satisfy the Court that restriction is warranted, the defense intends to request that its sentencing motion be filed as a restricted document.  This will hopefully spare the victim from unnecessary public humiliation that will be almost inevitable were the defendant's complete sentencing argument spread on the record in open court.   The defense believes that there are compelling reasons why the victim's account of relevant events is not believable; however, it will require far more than 15 pages to present those reasons to the Court.

To reduce any inconvenience or hardship to the Court, or the government, that is caused by the defendant filing a lengthy sentencing motion, defense counsel agrees to file any sentencing motion by May 13, 2020 rather than the current deadline of May 20, 2020. This would be a full three weeks in advance of the sentencing hearing thereby providing the Court additional time to review and consider the motion.  It will also provide the government with an additional week to file a response.  Defense counsel further agree that the defendant will not object if the government needs to be excused from the applicable page limitation for its response.

For what it is worth, undersigned counsel has practiced in this court for many years and has never filed a sentencing motion as factually detailed as what he proposes to file, and what needs to be filed, in this case.  Counsel has represented individuals in multi-defendant drug cases, capital cases, and complex white-collar cases and has never faced the need to provide a sentencing court with the type of granular detail that is required here. If ever there were a case where "the devil is in the details" it is this case.

Undersigned counsel has conferred with the Assistant United States Attorney and is authorized to inform the Court that the government has no objection to this motion.

In sum, the defendant needs relief from the page limitation to adequately present his sentencing arguments.  Additionally, excepting the defense from the page limitation for its sentencing motion will advance judicial efficiency and protect the privacy of the victim. This case presents "exceptional circumstances" and the requested relief is both reasonable and necessary.

WHEREFORE, based on the foregoing, and pursuant to WJM Revised Practice Standard III.C.2, the defendant requests leave to file a sentencing motion in excess of the otherwise applicable page limitation.  Specifically, the defendant requests leave to file a sentencing motion of not more than 60 pages to be due on or before May 13, 2020.

Dated: May 7, 2020.          Respectfully submitted,

NATHAN D. CHAMBERS LLC
By: ____s/Nathan D. Chambers_____
Nathan D. Chambers
303 16th Street, Suite 200
Denver, Colorado 80202
(303) 825-2222
Attorney for Defendant, Curtis Arganbright

CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2020, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.

By:   s/Nathan D. Chambers
Nathan D. Chambers
303 16th Street, Suite 200
Denver, Colorado  80202
(303) 825-2222