**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No.  1:19-cr-00445-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURTIS ARGANBRIGHT,

    Defendant.

---

**ORDER AUTHORIZING ATTORNEYS AND CERTAIN WITNESSES TO PARTICIPATE IN SETNENCING HEARING VIA VTC AND/OR TELEPHONE CONFERENCE**

---

    This matter is before the Court on a motion by the United States and with the consent of the Defendant through Counsel for an Order authorizing the use of video teleconferencing (VTC), and/or, if VTC is not reasonably available, telephone conferencing for the appearance of the Civil Rights Division trial attorneys representing the United States in this matter and for the appearance of witness Nurse Theresa Lindsey.  For the following reasons, the motion is GRANTED.

    1.    On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

1

2. On April 6, 2020, Philip A. Brimmer, Chief United States District Court Judge for the District of Colorado, issued District Court General Order 2020-4, finding that emergency conditions due to the COVID-19 pandemic will materially affect the functioning of the courts within the District of Colorado. Chief Judge Brimmer also found that, pursuant to § 15002(b)(2) of the CARES Act, felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety. Finally, Chief Judge Brimmer recognized that the CARES Act authorizes judges in individual cases to conduct felony guilty pleas or sentencings by video teleconference, or by telephone conference if video teleconferencing is not reasonably available, where that judge finds specific reasons that those cases cannot be further delayed without serious harm to the interest of justice, so long as the defendant consents after consultation with counsel.

3. General Order 2020-4 is effective during the 90-day period after its issuance, which means it expires on July 5, 2020. On May 22, 2020 the Court issued an order, pursuant to the then-standing General Order 2020-9, resetting the sentencing in this matter of August 6, 2020 at 9:00. ECF No. 35. Although this is outside the 90-day period, General Order 2020-10, issued on June 15, 2020 provides notice that the "Court's judicial officers, to the extent practicably and at their discretion, will endeavor . . . to covert hearings to telephone appearances in an effort to minimize the need for persons to travel to court, understanding that certain hearings may nevertheless require personal appearances."

4. The Defendant Curtis Arganbright is currently scheduled to be sentenced on Augsut 6, 2020. The defendant pleaded guilty on November 18, 2019 and this matter has already been delayed several times. Further delay in the matter would cause serious harm to the interests of justice. As noted above, Defendant consents to the entry of the requested Order through counsel.

It is therefore ORDERED for the specific reasons noted above that the Civil Rights trial attorneys representing the United States in this matter shall be authorized to participate in the sentencing hearing by video teleconference, or by telephone conference if video teleconferencing is not reasonably available.

It is FUTHER ORDERED that government witness Theresa Lindsey shall be authorized to testify at the sentencing hearing by video teleconference or by telephone conference if video teleconference is not reasonably available.

It is FURHTER ORDERED that the parties shall consult with one another and notify the Court if there is a need for other participants or witnesses to participate in the hearing by video teleconference or telephone conference as a result of COVID-19 related health risks.

The Court will confirm the Defendant's consent to proceeding in this manner on the record at the hearing.

SO ORDERED.

Dated this _____ day of June 2020

_____
THE HONORABLE WILLIAM J. MARTINEZ
UNITED STATES DISTRICT JUDGE
DISTRICT OF COLORADO