**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-0445-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

CURTIS ARGANBRIGHT,

Defendant.

## MOTION TO CONTINUE SENTENCING HEARING

Defendant Curtis Arganbright, through counsel, respectfully moves to continue the sentencing hearing currently scheduled for October 14, 2020, and as grounds states as follows:

1. On November 18, 2019, Mr. Arganbright pleaded guilty and sentencing was scheduled for March 11, 2020. [Dkt. 16]

2. Sentencing in this matter has been rescheduled several times. A brief history follows:

    - On the government's motion [Dkt. 21], the March 11, 2020 sentencing hearing was vacated and reset to June 3, 2020. [Dkt. 22].

    - By Order at Dkt. 35, dated May 22, 2020, the matter came before the Court on the U.S. District Court's General Order 20-9 and the June 3, 2020 sentencing hearing was vacated and reset to August 6, 2020.

    - On June 24, 2020, the government filed an Unopposed Motion for Order Authorizing Attorneys and Certain Witnesses to participate in Sentencing Hearing

1

via Video Teleconference and/or Telephone Conference. [Dkt. 44]. By Order dated June 26, 2020, the motion was denied as premature. [Dkt. 45]. In the Order the Court provided the following guidance to the parties: "given the high profile nature of this case, the interest of the press, and the potential for the attendance of witnesses and family member, the likelihood that this hearing will proceed by video teleconference is not high."

- By Order dated July 16, 2020, the August 6, 2020 sentencing hearing was vacated and reset for October 14, 2020. [Dkt. 46]. The Court further ordered that the hearing would take place in person and according to rules stated in General Order 2020-10.

3. On September 29, 2020, United States District Court General Order 2020-17 was issued. General Order 2020-17 provides that "felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." The General Order further states that "if judges in individual cases find, for specific reasons, that felony pleas or sentencing in those cases cannot be further delayed without serious harm to the interests of justice, judges may, with the consent of the defendant after consultation with counsel, conduct those proceeding by video teleconference, or by telephone conference if video teleconferencing is not reasonably available." The provisions of General Order 2020-17 are to remain in effect for 90 days unless terminated earlier.

4. Mr. Arganbright does not believe that further delay of his sentencing hearing will cause any harm, let alone serious harm, to the interests of justice. Furthermore, Mr. Arganbright does not consent to proceeding with the sentencing hearing by video teleconference. Because,

according to General Order 2020-17, an in person sentencing hearing would seriously jeopardize public health and safety, Mr. Arganbright respectfully requests that the sentencing hearing now scheduled for October 14, 2020 be vacated and reset after 90 days.

5. Counsel for Mr. Arganbright has conferred with the Assistant United States Attorney regarding this Motion to Continue and is authorized to inform the Court as follows. The government is prepared to proceed with sentencing on October 14, 2020 as scheduled; however, the government anticipates calling two witnesses at the sentencing hearing who work in health care and are regularly exposed to COVID-19. Furthermore, this matter is being jointly prosecuted by the U.S. Attorney's Office for the District of Colorado and the Civil Rights Division of the Department of Justice. The attorneys from the Civil Rights Division are based in Washington D.C. and are unable to travel in order to protect against the risk of contracting and transmitting the virus that causes COVID-19. Understanding that the Defendant does not consent, participation in the hearing by certain witnesses and by DOJ attorneys would require use of video teleconferencing.

Wherefore, based on the foregoing, it is respectfully requested that the sentencing hearing now scheduled for October 14, 2020 be vacated and reset for a date 90 days hence.

Dated: October 1, 2020

                                       Respectfully submitted,

                                       LAW OFFICE OF DOUGLAS JEWELL, LLC
                                       s/ L. Douglas Jewell
                                       L. Douglas Jewell
                                       3000 Youngfield Street, Suite 185
                                       Wheat Ridge, CO 80215
                                       (720) 484-5760

                          NATHAN D. CHAMBERS LLC
                          By:    s/Nathan D. Chambers
                          Nathan D. Chambers
                          303 16th Street, Suite 200
                          Denver, Colorado 80202
                          (303) 825-2222

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2020, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.

                          By:  s/ Nathan Chambers