IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  1:19-cr-00445-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURTIS ARGANBRIGHT,

    Defendant.

## UNOPPOSED MOTION FOR ORDER AUTHORIZING VICTIM AND MOTHER TO ATTEND SENTENCING HEARING

The United States of America respectfully moves the Court, consistent with its statutory obligation under the Crime Victims' Rights Act ("CVRA"), to issue an order authorizing the in-person presence of the victim her mother at the sentencing hearing currently scheduled for January 20, 2021 at 9:30 a.m.  18 U.S.C. § 3771(a)(4).  Counsel for the United States has consulted with counsel for the Defendant, who does not oppose the motion.

The government states the following in support of its motion:

    1.    The Defendant pleaded guilty pursuant to a plea agreement on November 18, 2019.

    2.    On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the

Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

3.      On April 6, 2020, Philip A. Brimmer, Chief United States District Court Judge for the District of Colorado, issued District Court General Order 2020-4, finding that emergency conditions due to the COVID-19 pandemic will materially affect the functioning of the courts within the District of Colorado.  Chief Judge Brimmer also found that, pursuant to § 15002(b)(2) of the CARES Act, felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety.  Finally, Chief Judge Brimmer recognized that the CARES Act authorizes judges in individual cases to conduct felony guilty pleas or sentencings by video teleconference, or by telephone conference if video teleconferencing is not reasonably available, where those judges find specific reasons that those cases cannot be further delayed without serious harm to the interest of justice, so long as the defendant consents after consultation with counsel.

4.      General Order 2020-4 has been repeatedly extended, most recently via General Order 2020-22, and is in effect for the 90-day period following December 24, 2020.

5.      Sentencing in this matter is set for January 20, 2021 at 9:30 a.m.

6.      On December 31, 2020, the Court entered an order finding that the hearing cannot be delayed without serious harm to the interests of justice.  ECF No. 50.  The order requires an in-person hearing and limits attendance to counsel, the case agent, the U.S. Probation Officer and witnesses while testifying.  *Id.*  The list of people who may attend does not include non-witness

victims exercising their right to be reasonably heard pursuant to 18 U.S.C. § 3771(a)(4) and Federal Rules of Criminal Procedure 32(i)(4)(B) and 60(a)(2) and (3).

7. The victim here has filed a written victim impact statement, which is part of the Court's file. However, the right to be reasonably "heard" under the CVRA means that crime victims have "the right to speak at proceedings covered by the CVRA." *Kenna v. U.S. Dist. Ct. for C.D. Cal.*, 435 F.3d 1011, 1016 (9th Cir. 2006). Victims "have an indefeasible right to speak, similar to that of the defendant," and "the district court must hear from the victims, if they choose to speak." *Id.*; *see also United States v. Burkholder*, 590 F.3d 1071, 1075 (9th Cir. 2010) (describing *Kenna*'s holding); *United States v. Vampire Nation*, 451 F.3d 189, 197 n.4 (3d Cir. 2006) ("Under the CVRA, courts may not limit victims to a written statement."); *United States v. Contreras,* 2017 WL 2563222, at *2-3 (D. Hawaii June 13, 2017) (concluding that victim of correctional officer was entitled to speak at sentencing hearing). The point is to put crime victims "on the same footing" as criminal defendants in being able to express themselves to the court. *Kenna*, 435 F.3d at 1016.

8. Limiting a victim to telephonic or VTC participation, without that victim's consent, may compromise the victim's right to be heard. That is particularly so if the defendant appears in person. Requiring the victim to appear remotely would reinstate the imbalance the CVRA was designed to correct. *See Kenna*, 435 F.3d at 1016 ("Limiting victims to written impact statements, while allowing the prosecutor and the defendant the opportunity to address the court, would treat victims as secondary participants in the sentencing process."); *see also United States v. Degenhardt*, 405 F. Supp. 2d 1341, 1348 (D. Utah 2005) (reading the CVRA "as conferring a right to allocute personally at sentencing"). Indeed, the principal sponsors of the

3

CVRA expressly intended "to allow the victim to appear *personally*." 150 Cong. Rec. S10911, 2004 WL 2271135 (emphasis added); *see also Kenna*, 435 F.3d at 1015 (quoting legislative history). And although the Ninth Circuit did not adopt the position unequivocally in *Kenna*, the Court sided with the victim who argued that "the district court may not prohibit victims from speaking *in court*." *Kenna*, 435 F.3d at 1014 (emphasis added).

9. Similar considerations of balance support the right of the victim's mother to attend the hearing. If the defendant seeks to have his own family present for support, the victim should similarly be allowed to have the support of family at the proceeding.

For all of the reasons set forth above, the government respectfully requests that the Court allow the victim and her mother to personally attend the sentencing hearing scheduled for January 20, 2021.

Respectfully submitted this 7th day of January, 2020.

| | |
|---|---|
| JASON R. DUNN<br>United States Attorney<br>District of Colorado | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division<br>U.S. Department of Justice |
| By: s/ *Bryan David Fields*<br>BRYAN DAVID FIELDS<br>Assistant United States Attorney<br>1801 California Street, Suite 1600<br>Denver, CO 8020<br>Telephone: 303-454-0100<br>Facsimile: 303-454-0402<br>Bryan.Fields3@usdoj.gov | By: s/ *Maura Deady White*<br>MAURA DEADY WHITE<br><br>By: s/ *Katherine Gray DeVar*<br>KATHERINE GRAY DEVAR<br><br>Trial Attorneys<br>Civil Rights Division<br>950 Pennsylvania Avenue, N.W.<br>Telephone: 202-616-5103<br>Maura.White@usdoj.gov<br>Katherine.Devar@usdoj.gov |

## CERTIFICATE OF SERVICE

I certify that on this 7th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

<u>s/ *Bryan David Fields*</u>
BRYAN DAVID FIELDS
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Bryan.Fields3@usdoj.gov