IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  1:19-cr-00445-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURTIS ARGANBRIGHT,

    Defendant.

---

### GOVERNMENT'S BRIEF IN SUPPORT OF IMMEDIATE REMAND

---

    The defendant has pleaded guilty to sexually assaulting a citizen whom he was sworn to protect.  This crime deserves the maximum sentence of ten years, as recommended by the Presentence Investigation Report ("PSR"), ECF No. 23.  The defendant presents no compelling reason for a variance in this case, nor does the record demonstrate any reason why this defendant should not immediately begin to serve his sentence should a period imprisonment be imposed.  For the reasons set forth below, the government seeks immediate remand of the defendant pursuant to 18 U.S.C. § 3143, should the Court order a sentence of imprisonment.

    **I.**    **Section 3143 Requires Detention in This Case**

    The defendant pleaded guilty to a single-count information charging him with Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242. ECF No. 1.  The conduct to which the defendant pleaded guilty — contact between his penis and  K.T.'s vagina, that resulted in bodily injury — constitutes a "crime of violence" that requires detention under 18 U.S.C. §§ 3143(a)(2) and 3156(a)(4)(A).

1

A "crime of violence" is defined in the Bail Reform Act as, among other things, **"an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another."** 18 U.S.C. § 3156(a)(4)(A). In this case, the defendant pleaded guilty to a violation of 18 U.S.C. § 242. Unlike other federal statutes, § 242 does not define the conduct it prohibits. Instead, it serves as a vehicle for punishing willful violations of rights already "made specific either by the express terms of the Constitution or laws of the United States or by decisions interpreting them." *Screws v. United States*, 325 U.S. 91, 104 (1945); *see also United States v. Lanier*, 520 U.S. 259, 265 (1997) (stating, in describing 18 U.S.C. §§ 241 and 242, that "in lieu of describing the specific conduct it forbids, each statute's general terms incorporate constitutional law by reference").

Section 242 has a graduated penalty structure. Because the crime at issue resulted in bodily injury to the victim, the defendant's conduct implicates the second clause of § 242 and subjects him to a ten-year felony statutory maximum. *See* 18 U.S.C. § 242. An offense involving bodily injury is separate from an offense involving the use of a dangerous weapon and must be analyzed separately when determining whether it constitutes a crime of violence. *See United States v. Brown*, 2018 WL 582536, at *4 (S.D. Fla. Jan. 25, 2018) ("The Court . . . concludes that that the second clause of § 242 lists two offenses . . . . Because the Government must prove either that bodily injury resulted *or* that the acts included the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire under the second clause of the statute, there are two different offenses contained in the second clause of § 242.") (internal quotations, citations, and alterations omitted; emphasis in original), *aff'd*, 934 F.3d 1278 (11th Cir. 2019).

Although a violation of § 242 is not a crime of violence on its face, it nonetheless can become a crime of violence when, as here, it involves the constitutional right to bodily integrity and a resulting injury. *Plea Agreement*, ECF No. 17 at 3, ¶5.b; *see, e.g., United States v. Perez-Silvan*, 861 F.3d 935, 943 (9th Cir. 2017) ("[W]e have repeatedly found that a simple assault accomplished by 'unlawful touching' which becomes aggravated because it 'results in substantial bodily harm' requires the use of violent physical force.").

Here, the defendant violated K.T.'s Fourteenth Amendment right to bodily integrity when his penis made contact with her vagina against her will, resulting in bodily injury. *Plea Agreement*, ECF No. 17 at 7-8, ¶ 18. As discussed at length in ECF Nos. 36 and 38, it's the United States's position that this conduct constitutes aggravated sexual abuse under 18 U.S.C. § 2241(a)(1). Because the defendant's conduct involved physical force and is the but-for cause of the K.T.'s injuries, this crime constitutes a "crime of violence" under § 3156(a)(4)(A).

Once the defendant's conduct is deemed to constitute a crime of violence under § 3156(a)(4)(A), the court must detain the defendant unless he can show that the exceptions to detention enumerated in § 3143(a)(2)(A)(i) or (ii) apply. The exceptions do not apply in this case because there can be no possibility of a motion for a new trial or acquittal and the government is not recommending a sentence of no imprisonment. 18 U.S.C. § 3142(a)(2)(A)(i) and (ii). Therefore, the court need not consider whether the defendant can show by clear and convincing evidence that he is "not likely to flee or pose a danger to any other person or the community." *See* 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Montes*, No. 18-cr-465-WJM, 2020 WL 2572862, at *1 (D. Colo. May 21, 2020). Instead, the court should order immediate detention upon imposition of a prison sentence.

In the alternative, if the Court applies 3142(a)(1), the Court should still detain the defendant unless he proves by clear and convincing evidence that he will not flee or otherwise take steps to avoid serving a substantial sentence. The imposition of the recommended sentence – or any substantial term of imprisonment – will undoubtedly change the circumstances in this case. The defendant's plea agreement allowed him to argue for a variant sentence. At the plea hearing, there was at least the theoretical possibility that the defendant could serve no term of imprisonment. Indeed, since then, the defendant has argued that the sentenced that he received in state court in 2018 – a "brief period of incarceration followed by a period of supervision" – was the proper sentence and that it "still is." Variant Motion, ECF 27 at 25. Thus, to the extent the defendant was arguing for either no additional punishment or only probation and some "brief" period of federal incarceration, there was no incentive at that time for him to flee or otherwise take steps to avoid serving his sentence. However, should the Court order a substantial sentence in this case, such an order would immediately change the circumstances and greatly increase the defendant's incentive to flee or take other action preventing the execution of the sentence. In other words, the fact that the defendant did not flee following his plea of guilty, when he believed there was a possibility he would not serve a substantial sentence is not enough to meet his burden by clear and convincing evidence. If the Court imposes a substantial sentence, the certainty of that judgment is enough, by itself, to create substantial risks of flight that the defendant must rebut with clear and convincing evidence. The United States submits he will be unable to meet his burden.

## II. Conclusion

The defendant committed one of the most serious crimes under the law. He abused his law enforcement authority when he sexually assaulted a vulnerable victim he was sworn to protect. If the Court orders a sentence of incarceration in this case, there is no good reason to delay the justice such a sentence would represent.

Respectfully submitted this 14th day of January, 2021.

|  |  |
|---|---|
| JASON R. DUNN<br>United States Attorney<br>District of Colorado | JOHN B. DAUKAS<br>Acting Assistant Attorney General<br>Civil Rights Division<br>U.S. Department of Justice |
| By: s/ *Bryan David Fields*<br>BRYAN DAVID FIELDS<br>Assistant United States Attorney<br>1801 California Street, Suite 1600<br>Denver, CO 8020<br>Telephone: 303-454-0100<br>Facsimile: 303-454-0402<br>Bryan.Fields3@usdoj.gov | By: s/ *Maura Deady White*<br>MAURA DEADY WHITE<br><br>By: s/ *Katherine Gray DeVar*<br>KATHERINE GRAY DEVAR<br><br>Trial Attorneys<br>Civil Rights Division<br>950 Pennsylvania Avenue, N.W.<br>Telephone: 202-616-5103<br>Maura.White@usdoj.gov<br>Katherine.Devar@usdoj.gov |

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

<u>s/ *Bryan David Fields*</u>
BRYAN DAVID FIELDS
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Bryan.Fields3@usdoj.gov
