IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  1:19-cr-00445-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURTIS ARGANBRIGHT,

    Defendant.

## NOTICE REGARDING WITNESSES

    Pursuant to the Court's Order of January 8, 2021, ECF No. 57, the United States hereby notifies the Court that it does not anticipate calling any witnesses at the hearing.  The defendant has stipulated to the government's proposed exhibits; the government, likewise, will stipulate to the defendant's proposed exhibits.  As discussed at the status conference on October 14, 2020, the stipulation of facts in the plea agreement, by itself, results in a United States Sentencing Guideline range above the statutory maximum under every parties' analysis.  Under these circumstances, no witnesses are necessary because the Court can conclude that any dispute regarding the Presentence Investigation Report will not affect sentencing.  Fed. R. Crim. P. 32(i)(3)(B).

    Given the extensive stipulations by the parties, the Court's ability to review summaries of relevant witness statements, and the Court's extremely broad authority to consider all of the information in the record for purposes of sentencing, the government takes the position that there is no reason to call live witnesses into the Courtroom during the pandemic.  *See* 18 U.S.C. § 3661

1

("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); Fed. R. Evid. 1101(d)(3) (noting that rules of evidence do not apply to sentencing); *see also United States v. McBrayer,* 546 F. App'x 803, 805 (10th Cir. 2013) (explaining that "the district court could consider the police reports during sentencing, as hearsay evidence may be considered if it bears a minimal indicia of reliability . . . ."); *United States v. Marsh,* 486 F.Supp. 2d 150, 156 (D. Mass. 2007) (finding that the district court's consideration of information contained in a police report for sentencing was appropriate, and explaining that "disregarding reliable information from police reports would run directly contrary to both 18 U.S.C. § 3661 and its guideline counterpart [U.S.S.G.] § 1B1.4.").

Respectfully submitted this 15th day of January, 2021.

|  |  |
|---|---|
| JASON R. DUNN<br>United States Attorney<br>District of Colorado | JOHN B. DAUKAS<br>Acting Assistant Attorney General<br>Civil Rights Division<br>U.S. Department of Justice |
| By:  s/ *Bryan David Fields*<br>BRYAN DAVID FIELDS<br>Assistant United States Attorney<br>1801 California Street, Suite 1600<br>Denver, CO 8020<br>Telephone:  303-454-0100<br>Facsimile:   303-454-0402<br>Bryan.Fields3@usdoj.gov | By:  s/ *Maura Deady White*<br>MAURA DEADY WHITE<br><br>By:  s/ *Katherine Gray DeVar*<br>KATHERINE GRAY DEVAR<br><br>Trial Attorneys<br>Civil Rights Division<br>950 Pennsylvania Avenue, N.W.<br>Telephone:  202-616-5103<br>Maura.White@usdoj.gov<br>Katherine.Devar@usdoj.gov |

2

**CERTIFICATE OF SERVICE**

    I certify that on this 15th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case

                s/ *Bryan David Fields*
                BRYAN DAVID FIELDS
                Assistant United States Attorney
                1801 California Street, Suite 1600
                Denver, CO 80202
                Telephone 303-454-0100
                Facsimile 303-454-0402
                Bryan.Fields3@usdoj.gov