**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-cr-0445-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURTIS ARGANBRIGHT,

    Defendant.

---

**[REDACTED] RESPONSE TO GOVERNMENT'S BRIEF IN SUPPORT OF IMMEDIATE REMAND [DOC. 62]**

---

Curtis Arganbright, through counsel, respectfully submits this Response to the Government's Brief in Support of Immediate Remand [Doc. 62].

The defendant must first repeat that he does not believe that any further period of incarceration is appropriate under the unique facts of this case. Nothing in this Response should be construed as abandoning that position. The arguments and authorities cited herein are relevant only if a sentence of imprisonment is imposed.

The issue of immediate remand for a person awaiting execution of a sentence is governed by the Bail Reform Act, 18 U.S.C. §§3141 *et seq*. Section 3143(a)(2) of Title 18 of the United States Code provides:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –

1

> . . .
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

Therefore, the threshold question for this Court is whether Mr. Arganbright is awaiting imposition or execution of sentence for an offense described in 18 U.S.C. § 3142(f)(1)(A), (B), or (C). Subsections (f)(1)(B) and (C) of §3142 address cases where the maximum sentence is life imprisonment or death and certain controlled substances cases. Neither is applicable here. Accordingly, the threshold question is narrowed to whether Mr. Arganbright is awaiting imposition or execution of sentence for an offense described in § 3142(f)(1)(A).

18 U.S.C. § 3142(f)(1)(A) addresses three different categories of offenses:

- "a crime of violence";
- "a violation of section 1591; or
- "an offense listed in section 2332b((g)(5)(B) …

Section 1591 deals with sex trafficking of children and has no application here. Section 2332b relates to acts of terrorism and likewise has no application in this case. Accordingly, the threshold question is further narrowed to whether Mr. Arganbright is awaiting imposition or execution of sentence for "crime of violence."

Here the debate between the parties takes an astonishing turn. It is not astonishing that the government argues for immediate remand. Indeed, the government's position was expected, and even forecast, at the change of plea hearing in November of 2019. What is astonishing is that in arguing for immediate remand the government mis-states the law and mis-represents the record.

First, as a matter of law, Mr. Arganbright is not awaiting imposition or execution of sentence for a "crime of violence" or for any other offense described in 18 U.S.C. §3143(a)(2). The government is simply wrong that the defendant pleaded guilty to a "crime of violence." Mr. Arganbright DID NOT plead guilty to a "crime of violence" and, what is particularly troubling, counsel for the government knows it. Indeed, at the change of plea hearing on November 18, 2019, the Assistant United States Attorney stood in front of Your Honor and candidly admitted that the offense to which Mr. Arganbright pleaded guilty did not meet the legal definition for a "crime of violence."[1]

The government argues that Mr. Arganbright pleaded guilty to a "crime of violence" as defined by 18 U.S.C. 3156(a)(4)(A). [Doc. 62, passim]. A "crime of violence" is defined as "an offense that has **as an element of the offense** the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. 3156(a)(4)(A). Mr. Arganbright pleaded guilty to a violation of 18 U.S.C. §242. Neither "use, attempted use, or threatened use" are elements of a violation of 18 U.S.C. §242. The Plea Agreement in this case [Doc. 17], drafted and signed by the government, sets forth the elements of the offense to which Mr. Arganbright pleaded guilty. The Plea Agreements states as follows:

---

[1] At the change of plea hearing the government did not oppose Mr. Arganbright remaining free on bond pending sentencing; however, the government did reserve argument on what should happen at sentencing in terms of immediate remand. The defense does not begrudge the government requesting immediate remand as that is perfectly within its rights. The defense does object to misapplication of controlling legal authority.

3

## II. ELEMENTS OF THE OFFENSE

*5.  The parties agree that the elements the offense of Deprivation of Rights Under Color of Law, a violation of 18 U.S.C. § 242, is as follows:*

> *a. The defendant acted under color of law when he committed the acts charged;*
>
> *b. The defendant deprived the victim of a right protected or secured by the Constitution or the laws of the United States, that is, the Fourteenth Amendment's guarantee of substantive due process, which includes the right to bodily integrity;*
>
> *c. The defendant acted willfully; and*
>
> *d. The defendant's conduct resulted in bodily injury to the victim.*

Plea Agreement, Doc. 17, pp.3-4.

Whether Mr. Arganbright is awaiting imposition or execution of sentence for a "crime of violence" is purely a question of law.  Accordingly, this Court, and indeed even the United States of America, are bound by controlling legal authority.  As noted above, "crime of violence" is defined by statute and that statute has been definitively construed by the Tenth Circuit.  *United States v. Rogers*, 371 F.3d. 1225 (10th Cir. 2004), considered the statutory definition of "crime of violence" in the Bail Reform Act and determined that courts must apply "a categorical approach to the determination of whether a given crime fits within (the statutes) definition of crime of violence." *Id*, at 1128, FN 5.  The determination of whether a particular offense is a crime of violence depends on "the nature of the elements of the offense rather than from the particular way that the defendant allegedly committed the crime." *Id*. (See also, *United States v. Lucio-Lucio*, 347 F.3d 1202, 1204 (10th Cir. 2003)(interpreting "crime of violence" in 18 U.S.C. 16 and mandating the use of a

4

"categorical approach, under which a court must only look to the statutory definition, not the underlying circumstances of the crime." [internal quotations omitted])).  In its Brief, the government ignores the Tenth Circuit's clear directive to employ a categorical approach focusing on the elements of the offense.  Instead, and contrary to controlling authority, the government focuses on alleged conduct and alleged circumstances of the offense.  The government's mis-application of law is not subtle as it boldly states: "<u>Once the defendant's **conduct** is deemed to constitute a crime of violence</u> under S3156(a)(4)(A), the court must detain the defendant unless he can show that the exceptions to detention . . . apply."  The government's argument is flatly contrary to the controlling law that whether a particular offense is a crime of violence depends on "the nature of the elements of the offense rather than from the particular way that the defendant allegedly committed the crime."

In short, Mr. Arganbright is NOT awaiting imposition or execution of sentence for a crime of violence.  Although this should be the end of the threshold question, the defendant is compelled to make some additional observations.

First, even if underlying conduct were a proper consideration, the defense does not agree that Mr. Arganbright's conduct involved physical force.  Notably, the elements of the offense, as detailed in the Plea Agreement, do not include application of physical force.  Furthermore, the Stipulation of Facts in the Plea Agreement [Doc.17, pp.6-9] does not include application of physical force.  This was not an oversight.  ▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

Second, the defense must note that the government in its Brief failed to disclose binding authority that is directly adverse to its position. Here, despite clear authority that a categorical approach must be employed and that alleged conduct and circumstances of the offense are not relevant to whether an offense meets the statutory definition of "crime of violence," and despite the government's recognition of this authority at the change of plea hearing, the government makes no mention of the binding adverse authority. The government's omission of adverse authority, particularly in light of its previous acknowledgment of that authority, is, at the least, concerning. See *Sanchez-Penunuri v. Longshore*, 7 F. Supp. 3d 1136, 1140-1141 and FN5 (D. Colo. 2013).

Even if a defendant meets the criteria of §3143(a)(2), a court may nevertheless approve voluntary surrender if the court "finds by clear and convincing evidence that the defendant is not likely to flee and is not a danger to any other person or the community." 18 U.S.C. §3143(a)(2)(B). Here the consideration moves from a question of law to a factual determination. The record shows, beyond the applicable clear and convincing standard, that Mr. Arganbright is not likely to flee and is not a danger to any other person or the community. Prior to the events that led to this case, the defendant's criminal history was unblemished. More recently, Mr. Arganbright has been under the supervision of both this Court and the Broomfield County District Court in Case No. 2017CR258. [See Doc. 8, Conditions 7(a) and (t)]. His performance under court supervision has been exemplary.

As of January 5, 2021, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Additionally, and recognizing that the defendant's health is not a consideration mentioned in 18 U.S.C. §3143(a)(2)(B), Mr. Arganbright's medical condition is extremely fragile. To avoid unnecessary redaction, we will not repeat details regarding Mr. Arganbright's health but rather refer the court to Docket No. 51 – Restricted. Given Mr. Arganbright's medical condition, if he is sentenced to a term of incarceration, it would be safer for him to report directly to a facility designated by the BOP that is equipped to provide adequate care and treatment. In the alternative, while waiting for BOP designation and transport, Mr. Arganbright could be relegated to a local facility that is unable to provide necessary treatment.



▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ We agree.

WHEREFORE, based on the foregoing, if the Court orders a sentence of

incarceration, we respectfully request that Mr. Arganbright be permitted to voluntarily surrender to the institution designated by the BOP.

DATED:   January 15, 2021.

Respectfully submitted,

NATHAN D. CHAMBERS LLC
By:   s/Nathan D. Chambers
Nathan D. Chambers
303 16th Street, Suite 200
Denver, Colorado  80202
(303) 825-2222
Attorney for Defendant, Curtis Arganbright

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2021, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.

By:   s/Nathan D. Chambers
Nathan D. Chambers
303 16th Street, Suite 200
Denver, Colorado  80202
(303) 825-2222