IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:19-cr-00445-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CURTIS ARGANBRIGHT,

    Defendant.

## GOVERNMENT'S REPLY BRIEF

The defendant deprived K.T. of her constitutional right to bodily integrity while acting under color of law. Specifically, the defendant took K.T. from a hospital late at night to a "non-residential location," where he "engaged in a sexual act with VICTIM, but against VICTIM's will and without her consent . . . including contact between Defendant's penis and VICTIM's vagina, that resulted in bodily injury." *Plea Agreement*, ECF no. 17 at 7-8, ¶¶ 17-18. For the reasons set forth below, this is a crime of violence and the government seeks immediate remand of the defendant pursuant to 18 U.S.C. § 3143, should the Court order a sentence of imprisonment

The defendant's response brief appears to be largely based on a misunderstanding. The government is not relying on the so-called "residual clause" of 18 U.S.C. § 3156(a)(4)(B). The government does not take the position that this crime is one that "by its nature" involves a substantial risk of force. Transcript of Plea Hearing at 40, ECF No. 20 (citing *United States v. Rogers*, 371 F.3d 1225 (10th 2004)). Unfortunately, because of this misunderstanding, much of the defendant's brief is not responsive to the government's argument for immediate remand in

1

this case. ECF No. 69 at 4-6 (citing cases focused on the residual clause such as *Rogers*, 371 F.3d 1225 and *United States Lucio-Lucio*, 347 F3d 1202 (10th Cir. 2003)). The defendant's response attacks the messengers instead of engaging with the message. *Id.* at 6 (citing *Sanchez-Penunuri v. Longshore*, 7 F. Supp. 3d 1136 (D. Colo. 2013)).

As the Court predicted at the sentencing hearing, the government is arguing that the defendant's crime is a crime of violence under the separate "elements clause" of § 3156(a)(4)(A). Transcript of Plea Hearing at 40, ECF No. 20 (responding, "Yeah," to Court's statement that "specific to the facts of this case at sentencing the Government's going to be arguing that there was violence.").[1]

Section 242 is a unique statute that punishes the willful violation of a person's civil rights. It can be violated in many different ways, some of which may be violent and some which may not be. As addressed in the government's brief, this means that a violation of § 242 that results in bodily injury is distinct from a violation of § 242 that involves the use of a dangerous weapon, and must be analyzed separately when assessing whether the offense constitutes a crime of violence. ECF No. 62 at 2 (citing and quoting from *United States v. Brown*, 2018 WL 582536, at *4 (S.D. Fla. Jan. 25, 2018)). In *United States v. Brown*, the court referred to this as a "divisible" statute. 2018 WL 582536, at *4. Such statutes require application of the "modified"

---

[1] The government asserts that the law requires detention; however, there are non-frivolous arguments to the contrary that the defendant is permitted to advance under the terms of the plea agreement. The plea agreement allows the defendant to argue for any sentence he believes is consistent with the law. In turn, the government expressly reserved at the change-of-plea hearing its right to argue that the defendant's offense is a "crime of violence," triggering the more stringent provisions of 18 U.S.C § 3143(a)(2), rather than § 3143(a)(1). Transcript of Plea Hearing at 41, ECF No. 20. The fact that the government reserved argument as to whether the defendant's offense constituted a crime of violence until this point in the proceedings is entirely appropriate and was in keeping with the spirit of the agreement.

categorial approach.  *Id.*; *see also United States v. Kendall*, 876 F.3d 1264, 1269 (10th Cir. 2017) (providing overview of modified categorical approach in analysis of different statute).

Here, the defendant pleaded guilty to depriving the victim of her right to bodily integrity, which is a right guaranteed under the Due Process Clause of the Fourteenth Amendment.  ECF 17 at 8. Specifically, the defendant admitted that he engaged in nonconsensual sexual contact with the victim, "including contact between [his] penis and [the victim's] vagina, that resulted in bodily injury" to the victim.  *Id.*  It is the government's position that this conduct constitutes aggravated sexual abuse, necessarily involved the use of violent physical force, and was the but-for cause of K.T.'s injuries, making it a crime of violence under § 3156(a)(4)(A).  *See* ECF Nos. 36, 38, and 62 at 3 (citing *United States v. Perez-Silvan*, 861 F.3d 935, 943 (9th Cir. 2017)).

However, if the Court concludes that the defendant's sexual assault was not a crime of violence, it should nevertheless remand the defendant under 18 U.S.C. § 3143(a)(1), according to the factors set forth under § 3142(b) or (c), because the defendant has failed to establish by clear and convincing evidence that he is not likely to flee and does not pose a danger to the community.  The defendant had no alternative to "exemplary" performance under supervision. Doing what the law required up to this point does not mean he will not flee if he is suddenly faced with the certainty of jail time that any court order would entail.  *United States v. Bailey*, 759 F. Supp. 685, 687 (D. Colo. 1991) ("Reliance on presentence compliance with bond conditions, alone, does not meet the statutory burden.").

Finally, the defendant's health is likewise not a reason to delay the execution of sentence in this case.  The Bureau of Prisons, which uses the Presentence Report to make many of its designations, has reviewed the defendant's medical records at ECF No. 51 and advised the

government that any facility to which the defendant might be immediately remanded is capable of providing the care to which the defendant is constitutionally entitled.  *See* Attachment 1.

For the foregoing reasons, if the Court orders a sentence of incarceration in this case, the defendant should be immediately remanded to custody to begin serving his sentence.

Respectfully submitted this 19th day of January, 2021.

|  |  |
|---|---|
| JASON R. DUNN<br>United States Attorney<br>District of Colorado | JOHN B. DAUKAS<br>Acting Assistant Attorney General<br>Civil Rights Division<br>U.S. Department of Justice |
| By:  s/ *Bryan David Fields*<br>BRYAN DAVID FIELDS<br>Assistant United States Attorney<br>1801 California Street, Suite 1600<br>Denver, CO 8020<br>Telephone:  303-454-0100<br>Facsimile:   303-454-0402<br>Bryan.Fields3@usdoj.gov | By:  s/ *Maura Deady White*<br>MAURA DEADY WHITE<br><br>By:  s/ *Katherine Gray DeVar*<br>KATHERINE GRAY DEVAR<br><br>Trial Attorneys<br>Civil Rights Division<br>950 Pennsylvania Avenue, N.W.<br>Telephone:  202-616-5103<br>Maura.White@usdoj.gov<br>Katherine.Devar@usdoj.gov |

4

**CERTIFICATE OF SERVICE**

I certify that on this 19th day of January, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

<u>s/ *Bryan David Fields*</u>
BRYAN DAVID FIELDS
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Bryan.Fields3@usdoj.gov